UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| REX CALL, JR., )<br>)<br>Plaintiff )<br>v. )  1:15-cv-00319-JAW<br>)<br>CHAD CURTIS, et al., )<br>)<br>Defendants ) | |

**RECOMMENDED DECISION**

On August 10, 2015, Plaintiff filed a complaint in which he named Chad Curtis and Rick Lolbirdy as Defendants. (ECF No. 1.) Plaintiff filed with the complaint an Application to Proceed *In Forma Pauperis*. (ECF No. 4.) Upon review of Plaintiff's filings, citing Plaintiff's failure to submit a completed application with the required financial information, the Court ordered Plaintiff either to pay the filing fee or to submit an Amended Application on or before September 3, 2015. (ECF No. 5.) In the Order, the Court informed Plaintiff that if he did not comply with the Court's order, "the Court may issue a recommendation that this matter be dismissed for lack of prosecution." (*Id*.)

On August 24, 2015, Plaintiff filed a second Application to Proceed In Forma Pauperis (ECF No. 6), which contained the required information and which the Court granted on August 27, 2015. (ECF No. 7.) In its Order of August 27, 2015, the Court ordered Plaintiff to notify the Court no later than September 16, 2015, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the funds become available to him.

Through the Order, the Court informed Plaintiff that should he fail to comply fully with the

Order, the Court would recommend that the action be dismissed. Because Plaintiff failed to comply with the Order, on September 25, 2015, the Court issued an Order to Show Cause. (ECF No. 8.) In the Order, the Court established October 9, 2015, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order. Once again, the Court advised Plaintiff that if he failed to show cause, his complaint could be dismissed. On October 16, the Court's mailing of its Order to Show Cause was returned and marked by the U.S. Postal Service as undeliverable: "Reason: Address Not Known No Such Person at MSP." The Court has received no communication from Plaintiff.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has failed to comply (a) with the Court's August 27, 2015, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed (ECF No. 7), and (b) with the Court's Order to Show Cause (ECF No. 8). Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim.

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the action, and his lack of communication with the Court following the submission of his motion for leave to proceed in forma pauperis on August 24, 2015 (ECF No. 6), dismissal is warranted. Because Plaintiff might not have received the Order to Show Cause, I recommend that the Court

dismiss the matter without prejudice.[1]

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of October, 2015.

---

[1] Although the Court's Order to Show Cause (ECF No. 8) was returned as undeliverable, the Court's previous Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed (ECF No. 7) was not returned. Plaintiff thus continues in non-compliance of the Order that he presumably received, which Order informed Plaintiff that non-compliance could result in a recommendation for dismissal. Arguably, therefore, dismissal with prejudice could be justified. However, despite the fact that Plaintiff was required to file his notice of intent to proceed by September 16, 2015, and has not made the filing more than a month later, because of the uncertainty of Plaintiff's current location and as to whether he has received all of the Court's orders, I believe that dismissal without prejudice is appropriate to afford Plaintiff the opportunity to reassert his claim in the event that he intended to proceed with his claim, but failed to receive the Court's orders.